On Petition for Rehearing.
Howard, J.
Counsel for appellee strenuously re-argue the questions decided in the principal opinion. While formally conceding that the courts have made a distinction between conditions in insurance policies affecting matters that precede the capital fact of liability and those conditions that follow such fact and relate solely to the proof of loss or accident, yet counsel’s argument proceeds on the theory that the subsequent conditions must be enforced to the letter, quite the same as those that precede and determine the liability. The fact of death by accident, after all the conditions of his policy had been observed by the deceased, was expressly admitted by the appellee. That was a waiver of all matters up to and including the death of Mr. Peele by accident. Nothing was left to be done but to give the required notice. This, the condition provided, should be given in writing to the president of the company, which was so done. The condition also provided that the notice should embrace “full particulars of the accident and injury;” a.nd this also was done. But, say counsel, the condition further provided that the notice should be given “within ten days from the date of either injury or death.” It was, however, shown in the principal opinion to be impossible to give “full particulars of *553 the accident and injury” until the time when the notice was actually given. A notice before the full particulars were known would not have been a compliance with the condition. Before the coroner’s verdict it was not known, and could not be known, that Mr. Peele’s death was accidental, to say nothing of being able to give the particulars of such accident. The notice given was at the earliest date possible, and was in full compliance with the object and purpose of the condition as it must have been understood by the parties at the time of the contract. Counsel admit that the case is within the rule laid down in Trippe v. Provident Fund Society, supra, but intimate a belief that the New York case is not good law. That was a well considered case, and the reasoning of the court seems to us conclusive, not only as to that case, but also as to this, from which the former cannot be distinguished in principle.
Counsel also say that we did not notice the “suggestion” in their original brief “that no question was presented by the assignment of error, that the court erred in sustaining a demurrer to the reply.” It is true that such a suggestion was made; but there was neither argument nor citation of authority, nor even reference to the record to sustain it. The brief merely stated that the record did not set out the reply to which demurrer was sustained, but showed, somewhere not stated, that after the demurrer was sustained the appellant filed her amended reply, which was set out, and that to this a demurrer was sustained. This is not an argument, but a mere statement, and that without reference to line or page of the transcript. There is nothing in it to show error in the record, if, in fact, such error existed. Turning to the record itself, we find a recital that an amended reply was filed; but the only reply in the record shows on its *554 face that it was an original, not an amended reply. The words are: “Plaintiff herein, for her reply to the separate answer of the defendant * * * says,” etc. The brief on the original hearing, so far as related to the assignment, was, as counsel themselves call it, but a “suggestion;” and, neither by argument nor authority, nor even in its reference to the transcript, showed any failure of appellant to bring up a proper record. Such a brief, as often held, is insufficient; and, considering the manner in which the suggestion was made, we had good right to conclude that it was practically waived.
Petition overruled.